IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-42120-TLS |
| | ) | |
| LARRY L. BARLOW and | ) | CH. 11 |
| LYNNE E. BARLOW, | ) | |
| | ) | |
| Debtors. | ) | |

# **ORDER**

Hearing was held in Omaha, Nebraska, on November 16, 2009, on a Motion for Relief from Stay filed by Security National Bank (Fil. #93), and a Resistance filed by Debtors (Fil. #127). Richard Lee Johnson and William L. Needler appeared for Debtors; Richard P. Garden, Jr. appeared for Security National Bank; and David Copple appeared for creditor Donald Kossmann.

Security National Bank is a creditor secured by liens on all of Debtors' real estate, farm equipment, livestock, accounts receivable, crops, and feed on hand. Security National Bank's liens are apparently first liens on everything, with the possible exception of three of the five tracts of real estate. Another creditor, Donald Kossmann, claims a first lien on those three tracts of real estate. Security National Bank is owed a total of approximately $2,370,000.00 as of the date of bankruptcy filing. Mr. Kossmann is secured by liens on all of Debtors' real estate, although as indicated there are disputes as to the priorities among Mr. Kossmann and Security National Bank. Mr. Kossmann is owed $1,462,000.00. Thus, the total indebtedness claimed as secured by Debtors' assets is approximately $3,800,000.00. Security National Bank and its experts have valued Debtors' total assets at $2,900,000.00. Debtors value their assets at approximately $2,000,000.00. A large part of that difference is in the value of the real estate which Security National Bank's appraisal indicates is more valuable than Debtors have indicated. In any event, it is undisputed that both Security National Bank and Mr. Kossmann are under-secured.

Debtors consider Security National Bank to have the first lien on two of Debtors' five tracts of real estate. Debtors value those two tracts at $480,000.00. When including the farm equipment, livestock, accounts receivable, crops in ground, and feed on hand, Debtors value the secured portion of Security National Bank's claim at $965,655.00. Debtors believe that Mr. Kossmann has a first lien on the other three tracts of real estate, which Debtors value at $1,056,000.00.

Just prior to the hearing, Debtors filed various exhibits, pro formas, a disclosure statement, plan, and a stipulation. As a result of those filings, it appears Debtors are offering adequate protection to Security National Bank on a monthly basis in the form of monthly payments of $3,821.87. Debtors used the "formula" or "*Till*" method of calculating the interest rate on the portion of the claim that Debtors believe is secured. In addition, Debtors are offering to pay Mr. Kossmann adequate protection payments of $3,740.00 per month on his secured claim.

As additional adequate protection, Debtors have now filed a stipulation that they have entered into with Security National Bank (Fil. #151). Under that stipulation, upon approval by the

Bankruptcy Court, Security National Bank will be paid an immediate lump-sum payment of $29,400.00 for the use of 735 tons of silage at $40.00 per ton; $15,000.00 for any potential depreciation of Security National Bank's collateral as a result of Debtors' use of the facilities to house 500 head of third-party cattle for up to 150 days; and $3,105.00 to reimburse Security National Bank for depreciation of its equipment as a result of the use of that equipment by Debtors' son. Thus, the total payment upon approval of the stipulation will be $47,505.00.

Security National Bank asserts that it is entitled to relief from stay under 11 U.S.C. § 362(d)(2) because Debtors do not have any equity in the collateral and the property is not necessary for an effective reorganization. Security National Bank takes the position that the property is not necessary to a reorganization because reorganization is not feasible. However, the evidence relied upon by Security National Bank all predates the latest filings by Debtors. According to the pro formas and related filings, it is not possible for this Court to say that a reorganization is not feasible. Accordingly, the feasibility of the proposed plan should be addressed in the plan confirmation process, not on this motion for relief from stay.

Security National Bank also asserts the right to relief from the automatic stay for "cause." Security National Bank believes that Debtors engaged in certain concealment of the amount of Mr. Kossmann's debt prior to filing and that Debtors concealed their plans for a cattle feeding operation from Security National Bank after filing. Debtors, of course, dispute those allegations. Security National Bank also asserts that Debtors have failed to disclose debts owed to various entities, and have further failed to disclose certain preferential payments.

If Debtors did engage in pre-petition concealment that was relied upon by Security National Bank, perhaps there is a dischargeability issue as a result. However, those are facts that are yet to be established. Further, it is unclear whether Debtors did or did not conceal their cattle feeding operation plan from Security National Bank post-petition. Debtors' counsel vehemently disputed Security National Bank's representations in that regard. As far as the asserted failure to disclose debts and preferential payments in the schedules, those facts are also not yet established. All of the foregoing are issues that are not developed enough at this point to warrant relief from stay, but certainly will have a bearing on this case as it moves forward. To ensure accuracy, Debtors and their counsel are ordered to immediately review the schedules and file amendments if necessary.

Security National Bank also asserts that Debtors have not offered adequate protection and/or that the offer is not sufficient. That is partially due to Debtors' last-minute filings prior to this hearing. In particular, Security National Bank notes that the Kossmann debt is accruing interest at 10%, but Debtor is only offering a payment based on the much lower formula rate of interest. That argument is not persuasive since it is undisputed that there is no equity in the real estate above the amount of the Kossmann lien. Therefore, it does not matter what interest rate is accruing on the Kossmann debt since it is either junior to Security National Bank or there is no equity above the Kossmann debt to protect.

The real issue is whether Security National Bank is adequately protected for the time being. As noted, Security National Bank is a party to a stipulation that will result in an immediate payment

to Security National Bank in the amount of $47,505.00 to protect Security National Bank against the deterioration of its collateral position as a result of Debtors' third-party cattle feeding operation. In addition, Debtors are offering adequate protection payments based on the formula rate of interest and based on the Debtors' collateral valuation. In the short term, those offers appear to be adequate to protect the interests of Security National Bank from deterioration (provided the payments commence immediately). However, in light of discrepancies as to the collateral values, the amount of the ongoing adequate protection payments will need to be revisited if this case does not proceed promptly toward confirmation of a plan.

The bottom line is that Debtors have now offered adequate protection and have filed a plan, disclosure statement, and exhibits which, on their face, appear to rebut Security National Bank's assertion that a confirmable plan is not feasible. That said, it is not the Court's intention to say that the proposed plan is feasible; instead I am saying only that Debtors have made enough of a showing to overcome the motion for relief from stay at this time, and therefore, the motion for relief should be denied, without prejudice.

IT IS, THEREFORE, ORDERED as follows:

1. The Motion for Relief from Stay (Fil. #93) is denied, without prejudice;

2. Debtors and their counsel are ordered to review the schedules and amend as necessary to be sure that all debts and preferential payments are adequately disclosed. If Debtors and their counsel fail to do so by December 1, 2009, this Court will consider granting relief from stay at the request of Security National Bank or other party in interest; and

3. The monthly adequate protection payments proposed by Debtors should commence by December 1, 2009.

DATED: November 17, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Richard Lee Johnson
    William L. Needler
    *Richard P. Garden, Jr.
    David Copple
    James A. Overcash
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.